# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1336 | **DATE** | 3/28/2002 |
| **CASE TITLE** | United States of America ex rel. Edgar Campbell vs. Rod Tally | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Campbell's petition for Habeas Corpus pursuant to 28 U.S.C. § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Campbell's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 29 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | docketing deputy initials | 21 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | klb (lc) courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. EDGAR CAMPBELL, | ) ) ) | DOCKETED MAR 2 9 2002 |
| Petitioner, | ) ) | No. 99 C 1336 |
| v. | ) ) | HONORABLE DAVID H. COAR |
| ROD TALLY, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner Edgar Campbell's ("petitioner" or "Campbell") petition for habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, this Court denies the petition.

I.  Factual and Procedural Background

Campbell is incarcerated at the East Moline Correctional Center in East Moline, Illinois. On January 16, 1996, he pled guilty in the Circuit Court of Cook County to two unrelated armed robbery counts and was sentenced to ten years on each count, to be served consecutively. The petitioner did not file a direct appeal. On December 12, 1996, petitioner filed a pro se petition for post-conviction relief, raising three issues: first, the ten year sentences were excessive, considering that the trial court failed to look at mitigating factors; second, he received ineffective assistance of trial counsel because trial counsel told him that if he did not plead guilty, he would receive a greater sentence; and third, he was denied due process during the guilty plea proceeding and sentencing because he was not proven guilty beyond a reasonable doubt. On February 14,



1997, the trial court dismissed the petition for post-conviction relief. On July 24, 1998, the Appellate Court, First District, affirmed the trial court's dismissal of the post-conviction petition. On October 6, 1998, the Illinois Supreme Court denied the petitioner's leave to appeal.

On February 8, 1999, petitioner filed the instant action for writ of habeas corpus. Petitioner raises two grounds for relief: 1) ineffective assistance of trial counsel because counsel failed to (a) file a certificate pursuant to Supreme Court Rule 604(d) on a motion to withdraw his guilty plea and (b) failed to seek consecutive jail credits on the unrelated charges; and 2) the trial court violated due process during sentencing.

II.     Habeas Corpus Standard

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 730 (1991). Before a federal court can reach the merits of petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner must exhaust the available state-court remedies. Habeas corpus petitioners exhaust all of their state-court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the federal petition is filed. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

Procedural default is also a barrier that generally prohibits a federal court from examining the merits of a habeas corpus petition. Procedural default occurs either when: (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, see Farrell, 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. See Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). If a petitioner has procedurally

defaulted on any claim, this Court can only grant relief if: (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default – i.e., "cause and prejudice" – Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) default would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was:(1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. 2254(d). The first ground pertains to pure questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. Id. at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" Id. A state-court conclusion will stand if it is "one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 749 (7th Cir. 1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). Finally, the third ground contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. See 28 U.S.C. § 2254(e)(1).

III.   Discussion

Petitioner's first ground for a writ of habeas corpus is ineffective assistance of trial counsel. Campbell proffers two reasons why his trial counsel was ineffective. First, counsel

-3-

failed to file a necessary certificate to withdraw Campbell's guilty plea, and second, counsel failed to seek consecutive jail credits on an unrelated charge. Respondent maintains that petitioner's claims are procedurally defaulted.

This Court will not reach the merits of petitioner's first claim because the state court declined to address it due to petitioner's failure to meet a state procedural requirement. Petitioner did not set forth the claim in his post-conviction petition and only raised it for the first time on his appeal of the dismissal of his post-conviction petition to the Appellate Court. Under Illinois law, he needed to raise this ground first in his post-conviction petition. Campbell did not, and the Appellate Court found his argument waived. Thus, the state judgment is based upon adequate and independent procedural grounds which precludes review by this Court. See Coleman v. Thompson, 501 U.S. 729, 730 (1991); Barksdale v. Lane, 957 F.2d 379, 382 (7th Cir. 1992). Petitioner has not demonstrated cause sufficient to excuse the procedural default. Therefore, petitioner's claim regarding counsel's failure to file a 604(d) Certificate is procedurally defaulted.

As to petitioner's second claim, this Court similarly finds that it is procedurally defaulted. Petitioner failed to raise the issue of "jail credits" on post-conviction review. He did not file a direct appeal whatsoever. Nor has petitioner demonstrated cause sufficient to excuse the procedural default and actual prejudice resulting from a failure to obtain on the merits. See Wainwright v. Sykes, 433 U.S. 72, 87 (1997). He alleges no external impediment that prevented him from raising his claim. See Murray v. Carrier, 477 U.S. 478 (1980). As petitioner has never raised the issue of "jail credits" prior to this habeas petition, such a ground for habeas corpus relief is procedurally defaulted. See Resnoverr v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992).

Petitioner next argues that he is entitled to habeas relief due to the trial judge's abuse of his authority by sentencing the petitioner to consecutive sentences. This claim, however, is not cognizable for purposes of federal habeas review because it does not describe a state court's violation of federal constitutional law. See Reed v. Clark, 984 F.2d 209, 210 (7th Cir. 1993) (explaining that it is not the responsibility of a federal habeas court to reexamine state court determinations on state law questions). The federal habeas review of state court convictions is limited to questions of custody in violation of federal law. Id.

Petitioner's claim is that he received an improper sentence because no aggravating factors were present to mandate consecutive sentences. As sentencing claims do not implicate federal constitutional concerns, they are generally not cognizable for federal habeas review. See Gleason v. Welborn, 42 F.3d 1107, 1112 (7th Cir. 1994). A federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit. See Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984). There has been no showing that the sentencing court lacked jurisdiction to impose this term or committed a constitutional error making the sentence fundamentally unfair. See Bean v. United States, 679 F.2d 683, 685 (7th Cir. 1982). The consecutive sentence was within the statutory range and has not been shown to be "fundamentally unfair" through constitutional error. The trial court found aggravating factors were present. It noted that the petitioner was in violation of his probation. It also found that in one of the cases his actions threatened serious harm, and the victim was over 60 years old. In the absence of clear and convincing evidence that rebuts the state court's factual findings, the sentence will not be disturbed. Thus, petitioner's sentencing claim is not cognizable on federal review.

## Conclusion

For the foregoing reasons, Campbell's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

Enter:

David H. Coar
United States District Judge

Dated: March 28, 2002